DAVID A. HUBBERT
Deputy Assistant Attorney General

JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
202-616-3173 (v)
202-307-0054 (f)
E-mail:      jonathan.m.hauck@usdoj.gov
             Western.taxcivil@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>ISMAEL BARRON and ISMAEL BARRON )<br>AS THE PERSONAL REPRESENTATIVE OF )<br>THE ESTATE OF NORMA BARRON, )<br>DECEASED, )<br>  )<br>Defendants. )<br>_____) | Case No. 2:22-cv-00361-TLN-AC<br><br>**FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 15(a)(1), the United States of America, by its undersigned counsel, amends its complaint and complains and alleges as follows:

**CAUSE OF ACTION**

1. This is a civil action timely brought by the United States seeking: (a) to reduce to judgment outstanding federal tax liabilities assessed against Defendant Ismael Barron

1

("Barron"); (b) a determination that related federal tax liens attach to Barron's property and rights to property, including his interest in real property located in San Joaquin County, California (the "Subject Property"), and (c) a determination regarding the validity and priority of the liens and claims of all the parties regarding the Subject Property.

**AUTHORIZATION FOR SUIT**

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 & 7403 at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 & 1345 and 26 U.S.C. § 7402 & 7403.

4. Venue is proper in the Eastern District of California in accordance with 28 U.S.C. §§ 1391(b) and 1396 because Barron resides within the Eastern District of California.

**THE DEFENDANTS**

5. Ismael Barron owes federal income taxes, including accrued penalties and interest, for tax years 2007, 2017, and 2018, and he has an interest in the real property at issue in this matter. Barron resides within this judicial district and the jurisdiction of the Court.

6. Ismael Barron and his wife, Norma Barron, owned the Subject Property as joint tenants. Upon information and belief, Norma Barron died on or about June 22, 2021, and did not have an estate, probate, or record any transfer of her interest in the Subject Property . As such, by operation of law, Ismael Barron, as the other joint tenant, succeeded to Norma Barron's interest in the Subject Property at her death. Ismael Barron is named as personal representative of the

Estate of Norma Barron under 26 U.S.C. § 7403(b) because the estate may claim an interest in the Subject Property .

## THE SUBJECT PROPERTY

7.     The Subject Property is located at 721 Mokelumne Street, Woodbridge, California, 95258. The Subject Property is more particularly described as follows:

> Parcel 2, as shown upon that certain Parcel Map filed for record in Book 17 of Parcel Maps at Page 66, San Joaquin County Records.
>
> APN: 015-210-57

8.     On May 19, 1998, Ismael Barron and Norma Barron acquired the Subject Property as joint tenants via Grant Deed.

## FIRST CLAIM FOR RELIEF:
## TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS
## AGAINST ISMAEL BARRON

9.     During 2007, Ismael Barron liquidated a retirement account and used the funds to pay off his mortgage on the Subject Property.

10.     Barron failed to file a tax return for his 2007 tax year.

11.     In August 8, 2011, the IRS prepared a return for Barron pursuant to 26 U.S.C.§ 6020(b) and issued Barron a Statutory Notice of Deficiency. Barron did not petition the United States Tax Court. As a result, on March 26, 2012, the IRS assessed his tax liabilities for 2007.

12.     For tax years 2017 and 2018, Barron filed Forms 1040 with the IRS with the designation "Married Filing Separately" self-reporting tax due. These Forms 1040 were the basis of the IRS assessments for those years. The liabilities for 2017 and 2018 are the result of Barron not fully paying the liabilities reflected on his Forms 1040.

13. On the dates and for the amounts listed below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Barron for individual federal income taxes, penalties, interest, and other statutory additions for the taxable years set forth below:

| Tax | Period | Assessment Date | Assessed Amount | Outstanding Balance as of February 14, 2022 |
|---|---|---|---|---|
| 1040 | 2007 | March 26, 2012 | $189,458.00 | $275,385.01 |
| 1040 | 2017 | May 7, 2018 | $12,870.00 | $2,997.87 |
| 1040 | 2018 | May 6, 2019 | $8,342.00 | $1,883.92 |
| | | | **Total:** | **$280,266.80** |

14. Timely notice of the assessments set forth in paragraph thirteen (13) above has been given and demand for payment has been made upon Barron, as required by 26 U.S.C. § 6303.

15. Despite notice and demand for payment of the assessments set forth in paragraph thirteen (13) above, Barron has neglected, refused, or failed to pay the assessments against him and, as of February 14, 2022, there remains due and owing to the United States on the assessments against Defendant, the total sum of $280,266.80 inclusive of statutory interest and other statutory additions that have accrued and will continue to accrue as provided by law, less any payments or credits received.

## SECOND CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT REGARDING ATTACHMENT
## OF UNITED STATES' LIENS AND PRIORITY OF INTERESTS

16. The United States incorporates Paragraphs 1 through 15 by reference, as if fully set forth herein.

17. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose on the assessment dates against all property and rights to property belonging to Barron, including the Subject Property.

18.     In order to provide notice to third parties, the IRS filed Notices of Federal Tax Liens ("NFTLs") with the San Joaquin County Recorders for the 2007, 2017, and 2018 assessments on March 4, 2013, August 13, 2018, and August 5, 2019, respectively.

19.     Under 26 U.S.C. § 7403(c), the United States is entitled to a determination that its federal tax liens attach to the Subject Property and a determination regarding the validity and priority of the liens and claims of all the parties regarding the real property.

20.     The federal tax liens have priority over all interests in the Subject Property acquired after the attachments of the tax liens, subject to the notice provisions of 26 U.S.C. § 6323(a).

WHEREFORE, the United States respectfully requests that the Court:

A.      Enter judgment in favor of the United States and against Defendant Ismael Barron for his 2007, 2017, and 2018 income tax liabilities in the amount of $280,266.80, plus statutory interest under 26 U.S.C. §§ 6621 & 6622 and 28 U.S.C. § 1961(c)(1) and any other additions accruing from February 14, 2022 to the date of payment;

B.      Determine, adjudge, and decree that the liens of the United States arising from the assessments for the 2007, 2017, and 2018 tax years attached to the Subject Property and that the United States has valid and subsisting liens against the Subject Property;

C.      Determine the validity and priority of all liens and other interests in the Subject Property; and

//

//

D. Award the United States its costs and such other relief as is just and proper.

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General

Dated: August 11, 2022                */s/ Jonathan M. Hauck*
                                        JONATHAN M. HAUCK
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        202-616-3173 (v)
                                        202-307-0054 (f)
                                        jonathan.m.hauck@usdoj.gov