DAVID A. HUBBERT
Deputy Assistant Attorney General

KHASHAYAR ATTARAN
CASSONDRA L. KOVEN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
202-514-6056 (v) (Attaran)
202-514-6632 (v) (Koven)
202-307-0054 (f)
Khashayar.Attaran@usdoj.gov
cassondra.l.koven@usdoj.gov
western.taxcivil@usdoj.gov
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ISMAEL BARRON and ISMAEL BARRON AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMA BARRON, DECEASED,<br><br>    Defendants. | Case No. 2:22-cv-361-TLN-AC<br><br>**[PROPOSED] FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED**<br><br>**OBJECTIONS DUE IN 14 DAYS** |

Plaintiff United States of America seeks to reduce to judgment outstanding federal tax assessments made against defendant Ismael Barron and foreclose federal tax liens upon real property commonly known as 721 Mokelumne Street, Woodbridge, California, 95258 ("Subject Property"). ECF No. 21-1 at 2. Ismael Barron, in his individual capacity and as the personal representative of the Estate of Norma Barron, has not answered the complaint or otherwise

appeared. On August 16, 2023, plaintiff moved for default judgment. ECF No. 21. The Government's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(19). The undersigned has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). ECF No. 22. Having considered all written materials submitted in support of the motion, the record as a whole, and applicable law, the undersigned recommends that the District Court grant the United States' motion and enter default judgment in its favor as described below.

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party who has defaulted. While the decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), it is guided by several factors. As a preliminary matter, the court must assess the adequacy of service on the party against whom the default judgment would be entered. *See Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671 LJO GSA, 2014 WL 325321, at *1 (E.D. Cal. Jan. 28, 2014); *see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). If service was sufficient, the court looks to a number of factors, including: possible prejudice to the plaintiff, the merits of plaintiff's claim, the sufficiency of the complaint, the sum of money at stake, the possibility of a factual dispute, whether the default was potentially due to excusable neglect, and the general policy that cases be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). Throughout this analysis, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, personal service on Ismael Barron, in his individual capacity and as the personal representative of the Estate of Norma Barron was properly completed, ECF No. 17, and the clerk of court entered a default on January 20, 2023, ECF No. 19. The *Eitel* factors also point in favor of granting default judgment. Generally, a plaintiff has no means other than a default judgment to

2

recover against a defaulting defendant and would be prejudiced if judgment were not entered. *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Plaintiff's complaint also states a straightforward claim that appears meritorious: Ismael Barron owes federal income tax, penalties, interests, and fees for tax period years 2007, 2017, and 2018, collectively exceeding $296,000. ECF No. 21-1 at 3-4. Plaintiff thus seeks to foreclose its tax liens against real property owned by Ismael Barron and located at 721 Mokelumne Street, Woodbridge, California, 95258. ECF No. 21-1 at 4-5.

As to plaintiff's first claim, under 26 U.S.C. § 7402(a), the United States is entitled to reduce outstanding tax liabilities to judgment. Here, plaintiff has provided IRS Forms 4340 for tax years 2007, 2017, and 2018. ECF No. 21-1 at 9. Forms 4340 are presumptive proof of a valid assessment and are routinely used to prove that tax assessments have been made. *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993). Thus, defendant Barron is indebted to the United States in the amount of $296,266.86, as of March 20, 2023, less any subsequent payments or credits, plus interest and other statutory additions, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid.

On the second claim, when a taxpayer neglects or refuses to pay taxes that are due, federal tax liens arise as of the date of assessment on all the taxpayer's property and rights to property, and those liens continue until the liabilities either are satisfied or become unenforceable. *See* 26 U.S.C. §§ 6321, 6322. Per the Forms 4340, the IRS made federal tax assessments against defendant Barron, and the IRS appropriately issued and recorded notices of federal tax lien. ECF No. 21-1 at 4-5. Tax liens "reach every interest in property that a taxpayer may have." *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985). Under 26 U.S.C. § 7403, once it is established that the United States has liens upon certain property, the United States may foreclose those liens, sell the property, and apply the proceeds toward the tax liens at issue. *See United States v. Craft*, 535 U.S. 274 (2002). Accordingly, the United States is entitled to foreclose on the subject property owned by Mr. Barron.

///

Notices and demands for these tax liabilities were sent to Mr. Barron, reducing the risk that there is some factual dispute. The amount assessed is governed by statute. And given that defendant was properly served, there is no evidence before the court that his failure to appear is due to excusable neglect. *Eitel* does make clear that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. But, standing alone, this policy preference is insufficient to deny default judgment against a defendant who has failed to appear and defend himself. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). With no appearance from the defendant, either in his individual capacity as the taxpayer or in his capacity as the personal representative of the Estate of Norma Barron, a decision on the merits is unworkable.

## FINDINGS AND RECOMMENDATIONS

I recommend that this court grant plaintiff's motion, ECF No. 21, and enter default judgment as follows:

(A) Defendant Ismael Barron is indebted to the United States in the amount of $296,266.86, as of March 20, 2023, less any subsequent payments or credits, plus interest and other statutory additions, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid;

(B) The United States has valid federal tax liens encumbering all property and rights to property of Mr. Barron and Mr. Barron as the personal representative of the Estate of Norma Barron, including, but not limited to, their interest in the Subject Property of this action (commonly known as 721 Mokelumne Street, Woodbridge, California, 95258);

(C) The federal tax liens against Mr. Barron and Mr. Barron as the personal representative of the Estate of Norma Barron encumbering the Subject Property are foreclosed and the Subject Property shall be sold with the proceeds to be applied to Mr. Barron's outstanding tax liabilities;

///

(D) The United States may submit a motion and order authorizing the sale of the Subject Property.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**IT IS SO ORDERED**.

DATED:  September 12, 2023.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE