DAVID A. HUBBERT
Deputy Assistant Attorney General

KHASHAYAR ATTARAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Khashayar.Attaran@usdoj.gov
western.taxcivil@usdoj.gov
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ISMAEL BARRON and ISMAEL BARRON AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMA BARRON, DECEASED,<br><br>    Defendants. | Case No. 2:22-cv-361-TLN-AC<br><br>ORDER OF FORECLOSURE AND JUDICIAL SALE<br><br>Floor Judge: Hon. Troy L. Nunley |

This Order of Foreclosure and Judicial Sale ("Order of Sale") is entered under 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002. The Court hereby ORDERS as follows:

1. This Order of Sale applies to real property commonly known as 721 Mokelumne Street, Woodbridge, California, 95258, APN: 015-210-57 ("Subject Property"). The Property is more particularly described as follows:

   Parcel 2, as shown upon that certain Parcel Map filed for record in Book 17 of Parcel Maps at Page 66, San Joaquin County Records.

2. On December 6, 2023, the Court entered an Order adopting the magistrate judge's findings and recommendations in full issued on September 12, 2023, ECF No. 26. *See* ECF No. 27. The Court granted the United States' Motion for Default Judgement (ECF No. 21) and ordered as follows:

   a. Defendant Ismael Barron is indebted to the United States in the amount of $296,266.86, as of March 20, 2023, less any subsequent payments or credits, plus interest and other statutory additions, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid;

   b. The United States has valid federal tax liens encumbering all property and rights to property of Mr. Barron and Mr. Barron as the personal representative of the Estate of Norma Barron, including, but not limited to, their interest in the Subject Property of this action (commonly known as 721 Mokelumne Street, Woodbridge, California, 95258);

   c. The federal tax liens against Mr. Barron and Mr. Barron as the personal representative of the Estate of Norma Barron encumbering the Subject Property are foreclosed and the Subject Property shall be sold with the proceeds to be applied to Mr. Barron's outstanding tax liabilities; and

   d. The United States may submit a motion and order authorizing the sale of the Subject Property.

3. Accordingly, the United States' federal tax liens against the Property are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Sale and shall make the

arrangements for any sale as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4. The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

5. The terms and conditions of the sale are as follows:

   a. Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

   b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

   c. The sale shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

   d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in San Joaquin County, California, and, at the discretion of the U.S. Marshal or a PALS, by any other notice deemed appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law, and state or local law regarding redemption rights do not apply to this sale. The notice of sale

shall contain a description of the Subject Property and shall contain the material terms and conditions of sale in this Order of Sale.

e. The minimum bid for the Subject Property will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the U.S. Marshal or a PALS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

f. Bidders shall be required to deposit at the time of sale with the U.S. Marshal or a PALS, a minimum of ten percent (10%) of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the U.S. Marshal or a PALS satisfactory proof of compliance with this requirement.

g. The balance of the purchase price for the Subject Property in excess of the deposit tendered shall be paid to the U.S. Marshal or a PALS within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder(s) fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Ismael Barron described in this Order. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Sale, or in the alternative, sold to the second highest bidder(s). The United States may bid as a credit, without tender of cash, up to the amount of its outstanding judgment against Ismael Barron for unpaid tax liabilities.

h. The sale of the Subject Property shall not be final until confirmation by this Court. The U.S. Marshal or a PALS shall file a report of sale with the Court within thirty (30) days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale, the U.S. Marshal or a PALS shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser(s).

j. Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished as to the Subject Property.

k. Upon confirmation of the sale, the purchaser(s) shall have the San Joaquin County Recorder record the transfer of the Subject Property upon that county's register of title.

l. Until the Subject Property is sold, Ismael Barron shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. He shall keep current in paying real property taxes as they are assessed. He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or

permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of Court and punishable as such.

m. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 30 days of this order or prior to the date of sale, whichever is sooner, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the U.S. Marshal's Office is authorized to take whatever action it deems appropriate to remove such person(s) from the premises. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The U.S. Marshal is further authorized and directed to arrest and/or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order**. No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization of the U.S. Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the U.S. Marshal without further order of the Court.

n. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned the U.S. Marshal or a PALS is authorized to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be

applied first to the expenses of sale, with the balance to be paid into the registry of the Court for further distribution.

o. Notwithstanding the terms of Sub-Paragraphs "m" and "n", if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

p. If Ismael Barron, or any other person occupying the Subject Property, vacates the Subject Property prior to the deadline set forth in Sub-Paragraph "m," above, such person shall notify counsel for the United States no later than two business days prior to vacating the Subject Property of the date on which he or she is vacating the Subject Property. Notification shall be made by leaving a message for counsel for the United States, Khashayar Attaran, at 202.257.8465.

q. The U.S. Marshal or a PALS shall deposit the amount paid by the purchaser(s) of the Subject Property into the registry of the Court.

r. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds received from the sale of the Subject Property in the following order of preference until these expenses and liens are satisfied:

   i. **First**, to the U.S. Marshal or a PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, including any commissions due under 28 U.S.C. § 1921(c) and any expenses for securing or maintaining the Subject Property prior to confirmation of sale.

   ii. **Second**, to the United States, all remaining sale proceeds with interest, to apply to the tax judgment against Ismael Barron for his outstanding income tax liabilities for tax years 2007, 2017, and 2018. The payment to the United States shall be made payable to the "U.S. Department of Justice"

and shall be mailed to the U.S. Department of Justice, Tax Division, Tax FLU, Office of Review, P.O. Box 310, Ben Franklin, Washington, D.C. 20044-0310, and the phrase "CMN 2021100441" shall be written on the memo line of the check.

iii. **Last**, to Ismael Barron in the amount of any proceeds remaining after the first through second priorities, above, are paid.

IT IS SO ORDERED.

Dated: December 20, 2023

_____
Troy L. Nunley
United States District Judge